# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**Dr Landry Dixon**
Plaintiff

-vs-

**Oceans Behavioral Hospital
& Deborah Spiers**
Defendants

CIVIL ACTION

No. 12-1953

Section: "Mag"

SECT. R MAG. 5

## WRONGFUL DISRUPTION OF THERAPY

**NOW,** into court enters **Dr Landry Dixon**, plaintiff in captioned civil action, who respectfully represents to the court that one **Deborah Spiers and Ocean Behavioral Hospital**, the identified defendants, have wrongfully, persistently, and willfully denied him access to his behavioral health patient, Stella Dixon. Said denial of continuation of a therapeutic bond and process between plaintiff and his patient by defendants constitute a breach of mental health ethics, HIPPA, state and federal healthcare delivery laws, and reasonable standards of care.

**Plaintiff** is a board licensed professional counselor for the state of Louisiana; plaintiff is a nationally certified counselor; plaintiff is a federally-enumerated mental healthcare provider; plaintiff is a Louisiana-licensed prevention professional; plaintiff is a member of the Louisiana

___ Fee __Pauper__
___ Process___
_X_ Dktd___
___ CtRmDep___
___ Doc. No.___

Case 2:12-cv-01953-SSV-ALC    Document 1-1    Filed 07/27/12    Page 2 of 4

Dr Landry Dixon vs. Deborah Spiers, et al

Counseling Association; plaintiff is a member of the American Counseling Association; and plaintiff is an honorary member of the American Psychological Association.

**Facts** and events supportive of this civil action by plaintiff against the identified defendants in this matter are as follows:

1. Plaintiff and patient entered into a therapeutic understanding several years ago, wherein plaintiff agreed to provide therapeutic counseling and case management services to patient relative to her periodic lapses of short-term ability to recall certain events and circumstances of importance, such as where she left her keys, and what particular items of clothing sets, from-head-to-toe, were an appropriate match, as well as a mutually-agreed effort to expand and increase patient's socialization activities.

2. Plaintiff learned that patient had been admitted into the internal medicine treatment facility of East Jefferson General Hospital (EJGH) on Thursday, July 12, 2012, and was experiencing significant cognitive deficits (low recall threshold).

3. Plaintiff conversed with patient via the hospital telephone and did not concur with EJGH's assessment of the degree of cognitive deficiency exhibited by patient in these telephonic exchanges.

4. Patient is not fluent in the English language. Creole is the patient's language of choice and fluency. Plaintiff and patient are fluent in Creole. Plaintiff and patient are siblings.

5. Plaintiff and patient engaged each other, in the presence of mental health professionals at EJGH, in the Creole language. Notwithstanding plaintiff's clinical assessment of patient as reasonably fluent in articulating her expressed desire and demand to be

Case 2:12-cv-01953-SSV-ALC   Document 1-1   Filed 07/27/12   Page 3 of 4

Dr Landry Dixon vs. Deborah Spiers, et al

released into plaintiff's care, patient was transferred to the Oceans Behavioral Hospital for further observation and evaluation, on Monday, July 16, 2012.

6. Tuesday, plaintiff communicated, telephonically, to personnel of Oceans Behavioral Hospital his need and desire to continue face-to-face therapeutic activities and processes with his patient, Stella Dixon, and was told that he needed a particular code to do so. Notwithstanding the fact that plaintiff has identified himself to defendant facility personnel that he is the historically recognized and approved mental health caregiver of patient, staff informed plaintiff that hospital administrator, defendant Deborah Spiers, was not willing to grant plaintiff access to his identified patient.

7. Repeated attempts to persuade defendant facility personnel to allow plaintiff to make much needed and critically strategic periodic face-to-face visits with his patient, and/or release her to his care and custody was repeatedly denied.

**Considering the** aggregately grave degradation of the quality of life deficits that patient, Stella Dixon, is being subjected to, notwithstanding her repeated and persistent expressed desire to converse with her therapist, brother and loyal support system, defendants have refused to accede to the reasonable and lawful wishes of the plaintiff on behalf of his elderly patient,

**Plaintiff** prays that this honorable court will assess an unlawful patient-confinement fee against the defendants, individually and/or collectively, in a monetary amount not to exceed one million US dollar valuation, for each day of continual denial of plaintiff-patient face-to-face contact. (Sudden loss of therapeutic contact equates to emotional trauma.)

Case 2:12-cv-01953-SSV-ALC   Document 1-1   Filed 07/27/12   Page 4 of 4

Dr Landry Dixon vs. Deborah Spiers, et al

**And, that** this honorable court will make said monetary daily assessment retroactive to Tuesday, July 17, 2012;

**That** said monetary award is deposited into the accounts receivable of one or more federally-identified 501c3 nonprofit behavioral health entity of plaintiff's approval;

**That** defendant Deborah Spiers is enjoined from employment or affiliation with any mental healthcare delivery system;

**That** defendant Oceans Behavioral Hospital is enjoined from receiving any additional patients; and that a thorough investigation is initiated relative to patient rights concerns, and quality of timely healthcare services delivery.

Date: July 20, 2012

_____
Dr Landry Dixon, Plaintiff
2220 Gallier Street
New Orleans, LA 70117
504/309-3632

## Certificate of Service

I hereby certify that I have served a copy of this document on all counsel of record, either in person or by mailing it postage prepaid on this

20th day of July, 2012.

_____
Signature